

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,014-01

### EX PARTE CRISTIAN AGUILAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1388321-A IN THE 337TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted evading arrest with a vehicle and sentenced to 180 days' imprisonment. He did not appeal his conviction.

Applicant contends that trial counsel failed to advise him of the deportation consequences of his guilty plea. *See Padilla v. Kentucky*, 559 U.S. 356 (2010).

The trial court concluded that trial counsel's conduct was deficient and that his deficient

conduct prejudiced Applicant. The trial court recommended that we grant relief. We believe that the record is not adequate to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant has other convictions that make him removable or will lead to the termination of his Temporary Protected Status. According to the supplemental record, in 2011, he was arrested for burglary of a habitation, and in 2012, he was arrested for burglary of a vehicle. The trial court shall also make findings as to whether Applicant was placed on deferred adjudication probation on November 14, 2013. According to the docket sheet, the trial court made no finding of guilt and placed Applicant on deferred adjudication probation. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 45 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: October 7, 2015
Do not publish